UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                        Case No. 02-11347-WRS
                                                             Chapter 7
RAY HORN, JR.,

       Debtor.


RAY HORN, JR.,
                                                             Adv. Pro. No. 07-1146
       Plaintiff,

   v.

EDWINA LEE, f/k/a
EDWINA HORN ,

       Defendant.


## MEMORANDUM DECISION

     This Adversary Proceeding came before the Court for trial on May 5, 2008. Plaintiff Ray Horn, Jr., was in court in person and by counsel Stephen M. NeSmith. Defendant Edwina Lee (formerly Edwina Horn) appeared pro se. Horn seeks declaratory relief in the form of a finding that Lee's claim against him was discharged and injunctive relief enjoining her from taking further action on her claim. For the reasons set forth below, judgment is entered in favor of Plaintiff Ray Horn, Jr. The Court determines that Lee's claim against Horn was discharged in his bankruptcy proceeding and that no applicable exception to discharge is available. The Court further finds that all proceedings which took place in the Horn divorce proceeding in Pike County, Alabama, after June 19, 2002, are void ab initio as they were done in violation of the automatic stay and the discharge injunction. The Court enjoins Lee from taking any further action to enforce her divorce decree or otherwise to seek to recover on her claims against Horn.

## I. Facts

The parties were married in 1988. They were divorced pursuant to a judgment of divorce entered on April 12, 2002, in proceedings styled: <u>Horn v. Horn</u>, Case No. DR-2000-194, in the Circuit Court for Pike County, Alabama. (Pl. Ex. 1). As no children were born to the marriage, the decree had no provisions for child custody, visitation, or support. Moreover, Lee was not awarded alimony. Thus, the April 12, 2002 divorce decree provided for nothing more than a division of marital assets and the actual dissolution of the bonds of marriage.

Lee was awarded all of the proceeds of a litigation to which the parties had prosecuted together while they were married. The personalty owned by them was divided by the Court, as specified in lists appended to the divorce decree. The language used by the Circuit Court in its decree is of interest:

> The Plaintiff, Ray Horn, Jr., shall have as his sole and separate property his personal belongings and those remaining items described on Exhibit "A" attached hereto. The Defendant, Edwin Horn, is awarded as her sole and separate property her personal belongings and effects, and all other personalty of the parties (including that itemized and described on Exhibit "B" hereto, to the extent that the same are still in existence).

(Pl. Ex. 1). It is of interest that the decree admits the possibility that some of the items awarded may have been lost, stolen, destroyed, sold or otherwise not available for division.

Horn had been in the military and had farmed during his marriage to Lee. The farming business failed, resulting in a bankruptcy filing in this Court by Horn on June 19, 2002, initiating Chapter 7 case no. 02-11347. Horn filed schedules with this Court listing his potential liability

-2-

to Lee. (Case No. 02-11347, Doc. 1, Schedule F).[1] A meeting of creditors was held in the Horn bankruptcy in Dothan, Alabama, on July 25, 2002. Lee did not file anything in this Court contending that any debt owed would be excepted from the discharge. On September 19, 2003, this Court awarded Horn a discharge pursuant to 11 U.S.C. § 727.[2]

Subsequent to the filing of the petition in bankruptcy, a dispute arose between Lee and Horn as to whether he still had possession of property which had been awarded to Lee. Lee initiated contempt proceedings against Horn in her divorce case in Pike County seeking the withheld items. The Circuit Court in Pike County found that Horn still had the items in question and ordered him to return them to Lee. Horn maintains consistently, to this day, that he does not have the items in question and for that reason cannot return them. Horn was jailed twice, first in 2003 and later in 2006, by the Court in Pike County for his failure to turn over the personalty in dispute. Horn testified that he spent four days in jail on one occasion and six days on the other, for a total of 10 days in jail.[3]

---

[1] This is significant in that in that Lee was timely given notice of the pendency of Horn's bankruptcy filing. Lee was sent "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." See Official Form 9A. Lee was given timely notice of the Complaints bar date.

[2] Unless otherwise indicated, all statutory references are to the Bankruptcy Code, as it stood at the time Horn filed his petition in bankruptcy. Congress enacted substantial amendments to the Bankruptcy Code in 2005 in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)(Pub. L. 109-8). As Horn's bankruptcy petition was filed prior to the effective date of BAPCPA, the Court will use the codification in effect at the time Horn filed his petition in bankruptcy. It should be noted that the definitional provisions cited infra, here changed codification after the effective date of BAPCPA but did not change substantively. However, substantive changes were made to both § 523(c) and § 523(a)(15). Thus, the reader is cautioned that, had this case arisen in a bankruptcy proceeding filed on or after October 17, 2005, the result would be different.

[3] The items of personalty are set forth on a list attached to the Circuit Court's April 14, 2003, order. By way of example, two items are: (1) "All hand painted china (painted by Edwina's aunts)," and (2) "quilts hand-made by Edwina's mother and grandmother." (Pl. Ex. 4).

## II. Conclusions of Law

### A. Jurisdiction

This Court has jurisdiction to hear this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

### B. Lee held a pre-petition claim

The judgment of divorce was entered on April 12, 2002, and Horn's petition in bankruptcy was filed two months later on June 19, 2002. Thus, the parties were divorced and property had been divided prior to the date of the petition. Anything Horn did, or did not do, was an accomplished fact by the time. In the April 14, 2003 order, the Circuit Court found that "Plaintiff has withheld from Defendant certain items of personalty which were awarded to Defendant [Lee], in his actual or constructive possession at the time of the divorce judgment." (Pl. Ex. 4). The Circuit Court therefore held that Horn had possession the items all along and had not turned them over to her as called for in the divorce decree. In other words, he did not take them from Lee's possession at some point in time subsequent to the bankruptcy filing, which would have given rise to a post-bankruptcy claim or cause of action. All of this is to say that Lee had a claim against Horn at the time of his petition in bankruptcy for the items he was

---

As Lee's parents and grandparents are now deceased, these items are undoubtedly of great sentimental value to her. The Court further observes that Horn and Lee filed two joint petitions in bankruptcy in this Court while they were married. See Ray Horn, Jr. and Edwin Horn, Case No. 97-2188 (Chapter 12 petition filed May 2, 1997, dismissed on the Trustee's motion on May 21, 1998); see also Ray Horn, Jr. and Edwina Horn, Case No. 98-3702, Chapter 12 petition filed July 20, 1998, dismissed on October 21, 1998, on motion to dismissed filed by First National Bank of Brundidge). All of this is to say that the record here would suggest that the items in question did not have great monetary value and that the dispute between the parties now is wholly personal.

allegedly withholding from her. In the parlance of bankruptcy lawyers, she held a pre-petition claim.

We will next consider the effect of discharge in bankruptcy awarded Horn on Lee's pre-petition claim. Section 727(b) of the Bankruptcy Code provides as follows:

> (b) Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter.

11 U.S.C. § 727(b).

Section 524(a) of the Bankruptcy Code provides, in part, as follows:

> (a) A discharge in a case under this title–
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727. . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debts as a personal liability of the debtor.

11 U.S.C. § 524(a).

Reading these provisions together, a discharge in bankruptcy releases a debtor from liability for all debts which are in existence as of the time the petition in bankruptcy is filed, except those which are enumerated in §523 as exceptions to discharge. Therefore, it would appear that Lee's claim against Horn was discharged, unless one of the enumerated exceptions in § 523 apply.

Horn contends that if any exception to discharge applied, it was § 523(a)(15), which excepts from discharge debts for division of property which arise under a divorce decree.[4] Lee does not dispute the characterization of her claim as one under § 523(a)(15). In any event, the Court has independently considered the § 523 exceptions and determines that if one was applicable, it was § 523(a)(15). The Court concludes that Lee is the holder of a pre-petition claim and that was potentially within the scope of § 523(a)(15).

### C. Lee failed to timely request a determination of nondischargeability

The Bankruptcy Code, in section 523(a), enumerates 18 categories of debts which are excepted from discharge.[5] The Court has determined that it should next consider whether Lee's claim was discharged.

We must next consider the effect of § 523(c), which provides as follows:

---

[4] Section 523(a)(15), then in effect, provided as follows:

> (15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record. . . unless–
>
> (A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonable necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
>
> (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor.

[5] That is, the Bankruptcy Code in effect at the time Horn filed his petition in bankruptcy enumerated 18 categories. Under the present version of the Code, 19 categories are excepted.

> (1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15) as the case may be.

11 U.S.C. § 523(c).

Thus, Section 523(c) debts are treated differently than debts which are excepted under the other provisions of § 523(a). Next, Bankruptcy Rule 4007(c) provides as follows:

> A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a).

Rule 4007(c), Fed. R. Bankr. P.

On the other hand, Bankruptcy Rule 4007(b) provides that a "complaint other than under § 523(c) may be filed at any time." Reading these provisions together, their meaning is clear. A creditor who holds a claim which is nondischargeable under § 523(a)(15), as is the situation with Lee, must file a complaint to determine dischargeability of that claim within 60 days of the date of the meeting of creditors, or that claim is discharged. See Durham Ritz, Inc., v. Williamson (In re Williamson), 15 F.3d 1037, 1040 (11th Cir. 1994) (holding that untimely dischargeability complaint was properly dismissed); Western Union Financial Services, Inc., v. Mascarenhas (In re Mascarenhas), 382 B.R. 857, 859 (Bankr. S.D. Fla. 2008) (holding that untimely dischargeability complaint was properly dismissed); In re Phillips, 288 B.R. 585, 593 (Bankr. M.D. Ga. 2002) (holding that 60 day deadline barred complaint unless deadline was tolled). Moreover, Congress has vested exclusive jurisdiction in the bankruptcy courts to hear complaints under §523(c). Whitehouse v. LaRoche, 277 F.3d 568, 578 (1st Cir. 2002);

-7-

Colorado West Transportation , Inc., v. McMahon, 380 B.R. 911, 916 (N.D. Ga. 2007); Mattern v. Seale (In re Mattern), 33 B.R. 566, 568 (Bankr. S.D. Ala. 1983).  As the Court has concluded that Lee's claim was one under § 523(a)(15), it must have been brought before this Court for a determination not later than 60 days after the meeting of creditors.  As Horn's meeting of creditors was July 25, 2002 (Case No. 02-11347, Doc. 5), Lee was required to file a complaint to determine the dischargeability of her claim not later than September 23, 2002.  As she did not do so, her claim was discharged.

### D. Lee's contention that her claim against Horn is not a "claim" within the meaning of the Bankruptcy Code lacks merit

Unfortunately, Lee was not represented by counsel at trial.  She is quite clearly both intelligent and articulate, but does not have any legal training.  She was, however, a debtor in this Court in two previously filed 12 cases and clearly has some working knowledge of bankruptcy law.  She argued at trial that this Court's discharge should not have any effect on her divorce proceedings.  While that proposition is clearly incorrect, the Court will consider whether the claim that she continues to pursue against her former spouse is a "debt" within the meaning of the Bankruptcy Code.  In other words, § 727(b) provides that debts in existence at the time of the petition in bankruptcy are discharged.  If what Lee has is not a "debt" but rather something else (what the something else might be was not articulated at trial), then that something else, whatever it may be, survives the discharge.

-8-

The term "debt" is defined in Bankruptcy Code at section 101(12):[6] "'debt' means liability on a claim."

Claim, is further defined at Section 101(5) in the Code, then in effect, as follows:

> "claim" means–
>
> (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal equitable, secured, or unsecured; or
>
> (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

The term "claim" is construed broadly under the Bankruptcy Code. Nobelman v. American Savings Bank, 508 U.S. 324, 331 (1993) ("[t]he unqualified word 'claim' is broadly defined under the Code"). This Court concludes that Lee's legal entitlement to the personalty in question, or its cash value if it is no longer in existence, is a claim within the meaning of these provisions, and therefore subject to the discharge.

---

[6] Congress enacted substantial amendments to the Bankruptcy Code in 2005 in the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA)(Pub. L. 109-8). As Horn's bankruptcy petition was filed prior to the effective date of BAPCPA, the Court will use the codification in effect at the time Horn filed his petition in bankruptcy. It should be noted that the definitional provisions cited here changed codification after the effective date of BAPCPA but did not change substantively. However, substantive changes were made to both § 523(c) and § 523(a)(15). Thus, the reasoning in this decision will be of only limited value in post-BAPCPA cases.

Case 07-01146   Doc 16   Filed 05/13/08   Entered 05/13/08 14:29:25   Desc Main
Document      Page 9 of 11

### E. Post-petition proceedings in the Divorce Court are void ab initio

This Bankruptcy Court is mindful that its proceedings sometimes conflict with proceedings which take place in other courts. The Circuit Court in Pike County properly entered a divorce decree prior to the filing of the petition in bankruptcy here. The Circuit Court had ordered Horn to turn certain property over to Lee and later found him in contempt for his disobedience of that order. Had Lee timely filed a complaint in this Court, she could have continued in her pursuit of the items in question, or their value, if she had timely filed a complaint here and prevailed. As she did not she is barred. One of the overriding purposes of the Bankruptcy Code is to provide a debtor a "fresh start." Section 523(c) of the Bankruptcy Code furthers that policy by forcing creditors to bring certain claims promptly in the bankruptcy courts or be forever barred. To allow proceedings such as those which took place in Pike County would undercut this Congressional policy.

It is well established under the law of this Circuit that proceedings taken by a court in violation of the automatic stay are void ab initio. Albany Partners, Ltd. v. Westbrook (In re Albany Partners), 749 F.2d 670, 675 (11th Cir. 1984); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306, 1308 (11th Cir. 1983); see also Maritime Electric Co., Inc., v. United Jersey Bank, 959 F.2d 1194, 1206 (3rd Cir. 1991).[7] It therefore follows that judicial actions taken in the Horn divorce proceedings in Pike County after June 19, 2002 (the date of Horn's petition in bankruptcy) are void.

---

[7] The automatic stay comes into effect upon the filing of a petition in bankruptcy. § 362(a). The stay remains in effect until entry of discharge. § 362(c). The automatic stay is replaced by the discharge injunction. § 524(a)(2). Actions taken in violation of the discharge injunction are, for the same reasons, void ab initio.

Case 07-01146    Doc 16    Filed 05/13/08    Entered 05/13/08 14:29:25    Desc Main
Document      Page 10 of 11

### F. An injunction should issue

Lee took the position at trial that she, in good faith, believed that the Court in Pike County was properly exercising its jurisdiction. Horn did not present evidence to the contrary, nor is he seeking damages for past violations of the automatic stay and discharge injunction. While one might argue that declaratory relief alone may be sufficient, having heard the evidence, this Court is of the view that a specific injunction directed towards Lee is necessary to protect Horn's fresh start. This Court does, by way of a separate order, enjoin Lee from taking further action against Horn in any attempt to assert her claim for property under her divorce decree.

### III. Conclusion

The Court finds that Lee holds a pre-petition claim against Horn for property arising out of their divorce decree. The claim may have been entitled to a determination that it should be excepted from discharge; however, as a timely proceeding was not initiated here, that right was lost and the claim was discharged. Lee is enjoined from taking any further action to collect on her claim. Specifically, she is enjoined from bringing further action against Horn to have him jailed or his property seized.

Done this the 13th day of May, 2008.

/s/ William R. Sawyer
United States Bankruptcy Court